FILED
Aug 13, 2025
07:00 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Tucker Umberger,** | ) | **Docket No. 2024-60-5331** |
| **Petitioner,** | ) | |
| **v.** | ) | **State File No. 860297-2024** |
| **Michael Ignatz d/b/a Attention to** | ) | |
| **Details, LLC,** | ) | **Judge Kenneth M. Switzer** |
| **Respondent.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING ADDITIONAL BENEFITS
## (DECISION ON THE RECORD)

---

At a previous expedited hearing, Tucker Umberger requested medical and temporary disability benefits from Michael Ignatz d/b/a Attention to Details, LLC. After considering the evidence on the threshold issue, whether Mr. Umberger was an employee or an independent contractor, the Court held that Mr. Umberger was likely to prevail at a hearing on the merits that he was an employee but was entitled to medical benefits only at that time. Mr. Ignatz did not appeal.

Mr. Umberger obtained additional medical proof and now seeks temporary disability benefits via a hearing on the record. Mr. Ignatz did not object to a record review, file contrary proof, or participate in the most recent status hearing, so the request is unopposed. The Court considered the new proof on August 6 and holds that Mr. Umberger is likely to prevail at a hearing on the merits that he is entitled to past temporary disability benefits from Mr. Ignatz. He has also satisfied the requirements for discretionary relief from the Uninsured Employers Fund.

### Claim History

Mr. Umberger suffered serious injuries from a significant fall at a construction project. He claimed Mr. Ignatz was his employer. Mr. Ignatz admitted he did not have workers' compensation insurance and contended that Mr. Umberger was an independent

contractor. Mr. Ignatz participated fully in the previous expedited hearing, but ultimately the Court ruled in Mr. Umberger's favor.

During his hospitalization, providers treated Mr. Umberger's spine fractures non-surgically. He testified at the previous hearing that this meant wearing a neck brace that significantly hampered his movements, and he was essentially bedridden for several weeks.

In this proceeding, Mr. Umberger submitted a letter from Dr. Scott Zuckerberg taking him off work from May 28 through October 17, 2024, due to "multiple spine fractures." Mr. Umberger healed over time and began working for a new employer on March 19, 2025.

Of additional significance, at the previous expedited hearing, the following facts were deemed and remain admitted:

- On May 28, 2024, Mr. Umberger was Mr. Ignatz's employee and fell from a two-story deck while working.
- Mr. Ignatz operated a construction company and did not have the required workers' compensation insurance on the date of injury.
- Mr. Umberger's medical conditions and symptoms were caused primarily by the work accident.
- Mr. Umberger could not work as a result of the injuries sustained on May 28, 2024.
- Mr. Umberger's average weekly wage was $1,000 while working for Mr. Ignatz.
- Mr. Ignatz provided no cash benefits other than $1,600.
- The medical care Mr. Umberger received primarily related to the injuries he sustained from the fall on May 28, 2024, while working for Mr. Ignatz.

**Findings of Fact and Conclusions of Law**

Mr. Umberger must show he is likely to prevail on his request at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2024).

The Court previously held that Mr. Umberger is likely to prevail at a hearing on the merits that he was Mr. Ignatz's employee and that his fall at work caused multiple, serious injuries and need for treatment.

Returning now to temporary total disability benefits, Mr. Umberger must show: (1) he became disabled from working due to a compensable injury; (2) a causal connection between the injury and his inability to work; and (3) the period of his disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

2

Here, Mr. Umberger suffered multiple, serious fractures, which are causally connected to the fall at work. Dr. Zuckerberg placed Mr. Umberger off work from May 28 through October 17, 2024, due to "multiple spine fractures." Mr. Ignatz offered no contrary evidence. Therefore, Mr. Umberger satisfied each of the *Jones* factors. The Court holds he is likely to prevail at a hearing on the merits that he is entitled to temporary total disability benefits for that timeframe.

Specifically, Mr. Umberger was off work for 142 days, and the compensation rate is $666.67 per week or $95.24 per day. This equals $13,524,08. Mr. Ignatz is entitled to $1,600 credit. Therefore, Mr. Umberger's past temporary total disability benefit award is $11,924.08, to be paid immediately in a lump-sum by Mr. Ignatz.

Mr. Ignatz did not carry workers' compensation insurance at the time of Mr. Umberger's injury. If Mr. Ignatz does not provide the required benefits, the Uninsured Employers Fund has the discretion to pay limited medical and temporary disability benefits if certain criteria are met. (See the attached Benefits Request Form).

Mr. Umberger must establish that he: (1) worked for an uninsured employer; (2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; (3) resided in Tennessee on the date of injury; (4) notified the Bureau of the injury and Mr. Ignatz's lack of coverage within 180 days of the injury; and (5) secured a judgment for workers' compensation benefits against Mr. Ignatz. § 50-6-801(d)(1)-(5).

The Court previously found, and again finds based on the entire record, that Mr. Umberger worked for an uninsured employer, Mr. Ignatz. He is likely to prove at a hearing on the merits that he suffered an injury arising primarily in the course and scope of employment on May 28, 2024. Mr. Umberger was a Tennessee resident on that date, and he notified the Bureau within 180 days of the injury about Mr. Ignatz's lack of insurance. This order serves as a judgment for benefits. Therefore, the Court holds that Mr. Umberger satisfied the requirements of section 50-6-801(d).

**IT IS ORDERED** as follows:

1. Mr. Ignatz shall immediately pay Mr. Umberger past temporary total disability benefits in a lump-sum award of $11,924.08.

2. Mr. Umberger is eligible to request benefits from the Uninsured Employers Fund, *awarded at the Administrator's discretion* under section 50-6-802(e)(1). To do so, he must complete and file the attached form.

3. The Court reminds of the status hearing on **September 8 at 10:15 a.m. Central Time**. You must call 615-532-9552 or 866-943-0025 to participate.

4. Unless an interlocutory appeal is filed, compliance with this order must occur by seven business days of the date below as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED August 13, 2025**.


*Kenneth M. Switzer*
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Petition for Benefit Determination
2. Expedited Request for Investigation
3. Expedited Request for Investigation Report
4. Dispute Certification Notice
5. Order Setting Show Cause Hearing
6. Show Cause Order
7. Request for Expedited Hearing and Affidavit
8. Order Setting Expedited Hearing
9. Motion to Admit Request for Admission
10. Requests to Admit
11. Ignatz email, May 3, 2025 (Motion to appear by phone)
12. Composite medical records
13. Expedited Hearing Order
14. Request for Expedited Hearing, Affidavit, and Dr. Zuckerman letter
15. Order Resetting Status Hearing
16. Dr. Zuckerman letter, signed
17. Status Order
18. Amended Hearing Request
19. Email from Court staff regarding decision on the record
20. Docketing Order

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on August 13, 2025.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Tucker Umberger, petitioner | | X | X | tuckerkentmusic@gmail.com<br>87 Shepherd Hills Dr.<br>Madison TN 37115 |
| Michael Ignatz, respondent | X | | X | attentiontodetailstn@gmail.com<br>8915 Ramblewood Dr.<br>Coral Springs FL 33071 |
| Uninsured Employers Fund | | | X | Lashawn.pender@tn.gov |

_____

**PENNY SHRUM**
**Clerk, Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Filed Date Stamp Here**

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work
wc.ombudsman@tn.gov
1-800-332-2667

## REQUEST FOR BENEFITS FROM THE UNINSURED EMPLOYERS FUND

Eligible employees may use this form to request benefits from the Uninsured Employers Fund (UEF) if they are injured while working for an employer that failed to provide:

1. Workers' compensation insurance as required by the TN Workers' Compensation Law; and,
2. Medical and/or disability benefits as required by the TN Workers' Compensation Law.

This form **MUST be completed and sent via certified mail** to the following address:

Tennessee Bureau of Workers' Compensation
ATTN: UEF Benefit Manager
Uninsured Employers Fund
220 French Landing Drive, Suite 1B
Nashville, TN 37243-1002.

This form MUST be sent within sixty (60) calendar days after the claim is over and MUST include:

1. A court order stating your employer owes you benefits and that you may request UEF benefits;
2. A completed Internal Revenue Service (IRS) Form, W-9 Request for Taxpayer Information and Certification available at www.irs.gov; and
3. A completed Bureau of Workers' Compensation Form C31 Medical Waiver and Consent available on the "Forms" link at www.tn.gov/workerscomp.

I certify that I believe I am eligible for benefits from the UEF; that my employer has not paid all or part of the benefits I am due; and my employer has not complied with an order issued by the Court of Workers' Compensation Claims.

I, _____, request benefits from the Uninsured Employers Fund.
       (Print Your Name)

_____
Signature                                                         Date

Tennessee Law allows the State of Tennessee to recover payments made by the UEF for temporary disability benefits or medical benefits. An agreement between you and your employer for payment of benefits must be pre-approved by the UEF before being approved by a workers' compensation judge.

LB-3284 (NEW 4/19)                                                               RDA 10183